UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.

LAVONTE SAMPSON,

          Defendant.

_____/

CASE NO. 2:21-cr-20732
HON. GERSHWIN A. DRAIN

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR *BRADY* MATERIAL [#70] AND DENYING DEFENDANT'S *EX PARTE* MOTION FOR RULE 17(c) SUBPOENA [#71]**

**I. INTRODUCTION**

The grand jury returned an Indictment against Defendant Lavonte Sampson on December 7, 2021, charging him with sex trafficking children in violation of 18 U.S.C. § 1591(a), and production of child pornography in violation of 18 U.S.C. § 2251(a). A jury trial in this matter is set to commence on January 24, 2024. This matter was previously scheduled to start trial on January 10, 2024; however, the minor victim in this matter was ill and the Court adjourned the trial to the January 24, 2024 date.

Now before the Court are the Defendant's motions, both filed after the January 10, 2024 original trial date. Specifically, Defendant's Motion for *Brady*

Material, filed on January 11, 2024, and Defendant's *Ex Parte* Motion for a Rule 17(c) Subpoena, also filed on January 11, 2024. In his motions, Defendant seeks the minor victim's mental health treatment records from therapy, counseling, social service providers, Child Protective Services, Detroit Children's Hospital, and the Michigan Department of Health and Human Services from 2020 onward. Defendant seeks to have the Court review the records *in camera* and hand over any exculpatory evidence to the defense.

The Government filed a Response to the Defendant's request for *Brady* material on January 14, 2024. The Government argues it does not have any of the minor victim's mental health records in its possession, and Defendant is not entitled to these records in any event. The Government further asserts that if Defendant seeks these records via a Rule 17(c) subpoena, the Government will move to quash the subpoena.[1] Defendant filed a Reply in support of his Motion for *Brady* material on January 15, 2024.

Oral argument on the Defendant's Motion for *Brady* material was held on January 16, 2024. For the reasons that follow, the Court will deny both of Defendant's present motions.

---

[1] The Government has standing to object on behalf of the minor victim. *See* Fed. R. Crim. P. 17, Advisory Committee Notes, 2008 Amendments.

## II. FACTUAL BACKGROUND

The facts of this matter were thoroughly set forth in an Opinion and Order dated December 19, 2023. As such, the Court will only discuss the facts pertinent to the Defendant's present motions. The charges giving rise to the instant action followed law enforcement's investigation of a 15-year-old minor reported missing to the National Center for Missing and Exploited Children (NCMEC) by her social worker and a subsequent NCMEC finding that the minor was being advertised for commercial sex work online. The minor victim has been in foster care since 2017 and her care has been managed by the Michigan Department of Health and Human Services since she was removed from her parents' home.

The social worker who reported the minor victim missing indicated that the minor had some mental health issues, specifically that she may have post traumatic stress disorder, including a history of self-harm, special needs, and suicidal ideations. The social worker further advised that the minor victim was prescribed medication or medications that she may or may not have had with her when she departed the place she had been staying. However, the social worker did not identify the medical condition associated with the medication. The minor victim was recovered on November 30, 2020.

In a May 2021 forensic interview, the minor victim indicated that she had been in some type of residential treatment facility for about five months.

3

Defendant theorizes she was either placed there immediately following or shortly after she was picked up by law enforcement. According to Defendant, the minor victim's story has changed repeatedly between her first forensic interview in December 2020 and her last forensic interview on December 28, 2023.

### III. LAW & ANALYSIS

#### A. Standards of Review

Under *Brady*, the Government violates due process if it fails to disclose evidence that is material to either guilt or to punishment. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). "[T]he rule stated in *Brady* applies to evidence undermining witness credibility." *Wearry v. Cain*, 577 U.S. 385, 393 (2016) (citing *Giglio v. United States*, 405 U.S. 150, 153-55 (1972)(impeachment evidence falls within *Brady* "[w]hen the reliability of a given witness may well be determinative of guilt or innocence.")).

Federal Rule of Criminal Procedure 17(c)(3) allows a defendant to request "a subpoena requiring the production of personal or confidential information about a victim," which "may be served on a third party only by court order." Fed. R. Crim. P. 17(c)(3). However, Rule 17(c) is not meant to authorize a broader scope of discovery than what is permitted under Rules 16 and 26.2 of the Federal Rules of Criminal Procedure, the Jencks Act, and the *Brady/Giglio* line of cases. *See Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951); *United States v.*

4

*Nixon*, 418 U.S. 683, 697-700 (1974); *United States v. Presser*, 844 F.2d 1275, 1285 n. 12 (6th Cir. 1988) (denoting that in most criminal proceedings, these rules "exhaust the universe of discovery to which the defendant is entitled.").

A party seeking to obtain records by means of a Rule 17(c) subpoena must show the information being sought is relevant, admissible, and specific. *United States v. Hughes*, 895 F.2d 1135, 1145-46 (6th Cir. 1990). In *United States v. Nixon, supra*, the Supreme Court held that production pursuant to Rule 17(c) is appropriate where the movant shows:

(1) The documents are evidentiary and relevant;
(2) They are not otherwise procurable, with due diligence, in advance of trial;
(3) The party cannot properly prepare for trial without such production and inspection in advance of trial; and
(4) The application was made in good faith and is not a fishing expedition.

*Nixon,* 418 U.S. at 699.

### B. Discussion

As an initial matter, the Court notes that Defendant advances the same law and argument in both of his present motions. In his briefing, Defendant primarily relies on his Sixth Amendment right to confront the witnesses against him. He asserts the minor victim's mental health records will provide insight into her mental state around the time of the alleged events giving rise to the charges in this matter. He argues she is the sole witness with firsthand knowledge of the alleged

events; thus, her credibility will be paramount to any determination of guilt or innocence.

The Defendant further maintains that the Government has provided notice that it will call an expert to testify on topics of trauma, disassociation, and delayed disclosure in an effort to anticipatorily rehabilitate the minor victim's credibility given her changing accounts of what transpired during the events giving rise to the instant charges. The Defendant argues the mental health records "may reveal the true reasons" behind the minor victim's change in accounts during each of the forensic interviews. ECF No. 70, PageID.999. Defendant further asserts it is "critical that he understand the extent of the counseling received, who the minor victim spoke to about the events, how these people reacted and whether the minor victim was medicated during her interviews, and whether she claimed to not remember what happened, whether she has been diagnosed with a conduct disorder and whether she has problems with her memory." *Id.* Defendant's arguments are not well taken.

A criminal defendant does not have an unassailable right to discover and use confidential or privileged information to impeach a witness in advance of trial. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 53-54 (1987). In *Ritchie*, a plurality held that a defendant's right to confront witnesses against him was not violated when a child protective service agency refused to turn over its confidential records to him,

6

because those records were privileged under state law. *Id.* at 43-46. The *Richie* plurality determined that "the right to confrontation is a trial right" and declined "to transform the Confrontation Clause into a constitutionally compelled rule of pretrial discovery." *Id.* at 52. In so finding, they stated that "[t]he ability to question adverse witnesses, however, does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony." *Id*. at 53.

Defendant does not address privilege in his briefing even though the psychotherapist/patient evidentiary privilege has been well-established in this circuit for decades. *See United States v. Hayes*, 227 F.3d 578, 581-82 (6th Cir. 2000) (citing *In re Zuniga*, 714 F.2d 632, 637 (6th Cir. 1983)). The Supreme Court recognized the psychotherapist/patient privilege in *Jaffee v. Redmond*, 518 U.S. 1, 10-11, 15 (1996)(explaining that recognizing psychotherapist/patient communications as privileged will facilitate "an atmosphere of confidence and trust[,] . . . [and] serves public ends [because] the mental health of the American citizen . . . is a public good of transcendent importance.").

In his Reply brief, Defendant erroneously argues the psychotherapist/patient privilege does not apply in criminal actions because *Jaffee* was a civil case. The *Jaffee* court held that patient communications to a psychotherapist are protected from compelled disclosure under Federal Rule of Evidence 501. *Jaffee*, 518 U.S.

at 15; *see also United States v. Sheppard*, 541 F. Supp.3d 793, 799-800 (W.D. Ky. 2021) (rejecting the defendant's argument that the psychotherapist/patient privilege does not apply in criminal cases); Fed. R. Evid. 101(a)-(b) (the Federal Rules of Evidence "apply to proceedings in federal court" defined to include "criminal proceeding[s]."). Moreover, the *Jaffee* court did not limit the privilege to civil cases, and neither has the Sixth Circuit. *See Hayes*, 227 F.3d at 581-82 (relying on the psychotherapist/patient privilege to affirm the district court's suppression of a criminal defendant's statements to his therapist).

Finally, while the federal common law determines privilege in federal criminal actions, it is noteworthy that Michigan law recognizes a similar privilege for victim statements to sexual assault counselors. *See* MICH. COMP. LAWS § 600.2157a; *see also United States v. Felton*, No. 14-20529, 2017 U.S. Dist. LEXIS 80168, at * 9-10 (E.D. Mich. May 25, 2017) (finding Michigan privilege law persuasive authority for the proposition that "victim/rape crisis counselor communications should receive a degree of privilege comparable to psychotherapist/patient communications" in federal court.).

Here, the Court concludes Defendant has not shown with specificity the relevant and admissible evidence that may be contained in the minor victim's mental health records. Defendant must make some kind of factual showing supporting a reasonable belief that the records will contain inconsistent statements

or exculpatory information. Defendant's only basis for requesting these records is a broad generalization that a person's mental health may be relevant to her credibility. Absent from Defendant's briefing is any factual basis supporting his argument that the minor victim's mental health records will contain exculpatory information. Defendant relies on the social worker's report that the minor victim suffers from self-harm and suicidal ideation; however, the defendant does not set forth any facts suggesting that these medical conditions relate to a witness's credibility.

Defendant also speculates that the minor victim may suffer from a conduct disorder, but again fails to make any connection between this disorder and witness credibility. Indeed, Defendant's briefing appears to concede the speculative nature of his request. *See* ECF No. 70, PageID.999 (emphasis supplied) ("the requested records *may* reveal why the minor's story has changed.). Defendant's claim that "it is critical that the defense understand the extent of counseling received, who she spoke to about the alleged events, [and] how these people reacted," suggests Defendant's request is a quintessential fishing expedition. *Id*. Defendant does not address with factual specificity how this information would be favorable to his defense.

If this type of vague request became a valid basis for an *in-camera* review of mental health records, then the Supreme Court's requirement that a defendant

9

"establish a basis for his claim that the records sought contain material evidence," would be rendered meaningless. *United States v. White*, 492 F.3d 380, 410 (6th Cir. 2007)(quoting *Ritchie*, 480 U.S. 58 n.15). Instead, a defendant would only need to state that a victim-witness had sought mental health treatment before the entirety of a victim's psychotherapist records were subject to *in-camera* review. Given the current record, a decision to maintain the confidentiality of the minor victim's records would honor the well-settled law of *Ritchie*.

At the hearing, the Defendant relied on the fact this Court in *United States v. Neuhard*, recognized that some courts have conducted an *in camera* review of a witness's mental health records in a criminal case. No. 15-cr-20425, 2016 U.S. Dist. LEXIS 161469 (E.D. Mich. Nov. 22, 2016). However, this Court recognized that in those cases, the defendant had "articulated specific facts pertaining to the high probative value of the records," unlike the *Neuhard* defendant. *Id*. at *32. Thus, this Court did not grant the *Neuhard* defendant's request for a Rule 17(c) subpoena. *Id.* Similar to the circumstances in *Neuhard*, Defendant has not articulated specific facts pertaining to the relevance and high probative value of the mental health records he seeks. The Court also notes that Defendant has likewise failed to show that he cannot obtain the requested information from other sources, a prerequisite for obtaining a Rule 17(c) subpoena.

Moreover, Defendant's reliance on the fact the minor victim is the sole person with firsthand knowledge of the alleged events does not carry the day when evidence of his guilt is on video, cell phones, websites, in pictures, and on social media. The circumstances here are distinguishable from the defendant in *United States v. Castillo*, Case No. 16-20344, 2016 WL 4761777 (E.D. Mich. Sept. 13, 2016), the case Defendant heavily relies upon in support of his request for the minor victim's records.

As an initial matter, the *Castillo* court, like Defendant, fails to discuss *Jaffee* or *Ritchie* or privilege in any way. In *Castillo*, the district court ordered that a victim's psychological and medical records be produced to the court for *in camera* review, where the defendant made a showing that the records contained information about the victim's medical history that was potentially exculpatory. *Id*. at *7-9. The victim was anticipated to be the Government's sole witness at trial. *Id*. at *8. The defendant in *Castillo* was charged with sexually assaulting a victim while she was asleep—allegedly under the influence of prescription sleep aid medication—and after she had allegedly denied giving consent. *Id*. at *1. The defendant acknowledged that the victim was on sleep medication but argued that she had previously given consent to engage in sexual acts while she was asleep. *Id*.

Unlike the circumstances here, the question of the defendant's guilt or innocence in *Castillo* turned heavily on the victim's testimony, and her use of prescription medication, and the effects of such medication was relevant to the defense. Thus, in *Castillo*, the court ordered production of the victim's counseling and medical records for *in camera* review, because the defendant articulated specific facts pertaining to the probative value of the records.

These facts are not present here. The minor victim's testimony will not be the sole evidence against Defendant. She was wide awake during these crimes. There is additional evidence against Defendant, not just the minor victim's account, including a video of Defendant engaged in sexual intercourse with the minor victim, commercial sex ads posted by Defendant on the internet, Facebook records, photographs, and surveillance video of the minor victim at the motel where Defendant trafficked her, as well as pictures of Defendant in bed with the minor victim at his home. This evidence will be offered in addition to testimony from law enforcement officers who rescued the minor victim and who recovered cellular phones from her and an adult sex worker who conspired with the Defendant to exploit the minor child. Unlike the *Castillo* defendant, the question of Defendant's guilt or innocence will not turn solely on the minor victim's testimony.

Because Defendant has not set forth any factual basis suggesting the minor victim's mental health records will contain relevant, exculpatory information, or that these records are admissible, he is not entitled to the minor victim's mental health records and his request for *Brady* material and for a Rule 17(c) subpoena will be denied. The Court further concludes that Defendant's confrontation rights will be "amply protect[ed]" by his ability to thoroughly question the minor victim about her purported changing accounts of the alleged events during cross examination. *See United States v. DeLeon*, 426 F.Supp.3d 878, 921 (D.N.M. 2019).

Finally, the Court notes the untimeliness of Defendant's requests. Defendant sought the minor victim's mental health records on the day after the original date for trial in this matter. Defendant's fishing expedition request is inordinately past due and should have been raised before the Court at a much earlier time during the instant proceedings.

## IV.    CONCLUSION

Accordingly, for the reasons articulated above, Defendant's Motion for *Brady* Material [#70] is DENIED.

Defendant's *Ex Parte* Motion for a Rule 17(c) Subpoena [#71] is also DENIED.

SO ORDERED.

13

Dated: January 17, 2024 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 17, 2024, by electronic and/or ordinary mail.
s/ Lisa Bartlett
Case Manager