UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAVONTE SAMPSON,

    Defendant.

_____/

Case No. 21-CR-20732

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE EXPERT [ECF No 61]

### I.    Introduction

Lavonte Sampson ("Defendant" or "Sampson") was indicted on December 7, 2021. He faces two charges: Sex Trafficking of Children under 18 U.S.C § 1591(a) ("Count I"), and Production of Child Pornography under 18 U.S.C § 2251(a). Before the Court is Defendant's Motion to Preclude Expert [ECF No. 61], filed on December 20, 2023. The Government responded on December 27, 2023 and Defendant replied on the same day. Defendant also filed a supplemental brief on January 16, 2024.

The Court held oral argument on January 16, 2024, for two of the motions pending before the Court, not including the instant motion. Upon review of the

briefing and applicable authority, the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the motions on the briefs. See E.D. Mich. L.R. 7.1(f)(2).

For the reasons set forth below, Defendant's Motion is **DENIED**.

## II.   Factual Background

On August 18, 2023, the Government sent an Expert Witness Notice to Sampson. In that notice, the Government notified Defendant of its intent to call FBI Child Forensic Interview Specialist Shannon Martucci. It stated *verbatim* that,

> Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), the government hereby gives notice of intent to call FBI Child Forensic Interview Specialist Shannon Martucci as an expert witness in this case. Ms. Martucci's CV, which includes a list of cases in which she has testified in the past four years, is attached. She has not authored any publications in the last ten years. Also attached are transcripts from two cases in which she testified as an expert in 2021 and 2022. Ms. Martucci did not author a report in this case.

> The government anticipates calling Ms. Martucci to testify at trial about the reasons why adolescent victims of sex trafficking and sexual abuse may delay disclosure of such abuse.

> I anticipate that Ms. Martucci will testify about the reasons why adolescent victims of sex trafficking and sexual abuse may delay disclosure of such abuse.

> I anticipate that the Ms. Martucci will testify generally about her educational and work background; circumstances surrounding and reasons for victims' delayed reporting of sexual exploitation, including incomplete initial disclosure; sex trafficking victims' reluctance to leave their traffickers or report abuse; the concepts of trauma and disassociation and how they may affect an adolescent's ability to recall details of sexual exploitation; reasons why adolescent sex trafficking

victims may lie about their true age; the dynamics of a the relationship between a sex trafficker and an adolescent victim; and the concept of branding.

The foundation for the opinions and the conclusions that Ms. Martucci draws will be based on her years of training and experience in counseling and forensic interviewing of adolescent victims of sexual abuse and exploitation, as outlined in her attached CV and transcripts of prior testimony.

By this notice, the government believes it has fully complied with its obligations under Rule 16 with regard to the possible testimony of Shannon Martucci. If you have any questions concerning the qualifications or testimonial substance of these proposed expert witnesses, please contact me.

ECF No. 61-3, PageID.945. Defendant filed a motion to preclude Ms. Martucci from testifying on October 24, 2023. In that motion, Sampson argued that Ms. Martucci was unqualified and that her testimony was unreliable, irrelevant, and prejudicial under Federal Rules of Evidence 403, 608, and 702. His motion referenced the Government's Rule 16 notice several times but not argue that it was defective. The Court denied Sampson's motion to preclude Ms. Martucci from testifying in an Opinion and Order entered on December 19, 2023. See ECF No. 60.

Now Sampson brings another Motion to Preclude Ms. Martucci from testifying. It is based on the Government's alleged failure to provide adequate notice pertaining to Ms. Martucci. The Court will describe the law and analysis applicable to Defendant's Motion below.

### III.   Applicable Law and Analysis

In his Motion to Preclude Expert, Sampson avers that the Government failed to comply with Fed. R. Crim. P. 16's disclosure obligations and "instead provided a woefully inadequate notice for its proposed expert, Shannon Martucci." ECF No. 61, PageID.933. As such, Sampson asserts that the Court should preclude Matucci's testimony from trial.

The Government correctly points out that Sampson should have raised the notice issue in his first motion to preclude Ms. Martucci from testifying. Defendant avers that he could not have contested the notice until the Government submitted its witness synopsis. But the Government's Rule 16 notice asserted that it had fully complied with its Rule 16 disclosure requirements, which belies Defendant's apparent belief that the witness synopses would contain any supplemental information about Ms. Martucci's expected testimony. Further, Sampson filed his first motion to preclude on October 24, 2023, months before the parties became of aware of the deadline for submission of witness synoses stated in the Court's December 5, 2023 Order Mooting Defendant's Motions to Compel Discovery and Setting Dates. See ECF No. 37. Sampson received the Rule 16 expert notice on August 18, 2023, and filed a motion arguing several reasons—not including deficient notice—for exclusion of Ms. Martucci's testimony on October 24, 2023. He also sent a letter to the Government on November 14, 2023 requesting proper

Rule 16 disclosures pertaining to Ms. Martucci. Yet, he waited until December 19, 2023 to bring the issue before the Court. In these circumstances, Sampson's failure to raise his lack-of-adequate-notice argument in his earlier motion to preclude Ms. Martucci's testimony was unreasonable.

The Court views the instant motion as a motion for reconsideration. It is without merit because motions for reconsideration may be brought only upon the following grounds: a mistake made by the Court, an intervening change in controlling law, or new facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision. See E.D. Mich. 7.1 (h)(2)(A)-(C). The Government's witness synopsis, submitted on December 19, 2023, is not a "new fact" that could not have been discovered earlier with reasonable diligence. The synopsis included the same information stated in the Government's Rule 16 notice, which was deficient at the time it was sent. And Defendant does not point to a mistake made by the Court or an intervening change in the law. Thus, Sampson's motion for reconsideration is without merit.

Even if the Court did not view the instant matter as a motion for reconsideration and it were properly before the Court as a motion to preclude Ms. Martucci's testimony, it would not succeed. Rule 16(a)(1)(G)(i) provides, in relevant part: "At the defendant's request, the government must disclose to the defendant . . . in writing, [certain] information [pertaining to] any testimony [it] intends to use at

trial under" Rule 702. Subsection (iii) governs the contents of those disclosures; it states that each expert witness disclosure "must contain [(1)] a complete statement of all opinions that the government will elicit from the witness in its case-in-chief [and (2)] the bases and reasons for them[.]" In *United States v. White*, 492 F.3d 380, 406 (6th Cir. 2007), the Sixth Circuit concluded that "the government failed to comply with Rule 16's minimal notice requirements." There, the summary of the expert's testimony was "lacking" because it "'listed 'general subject matters to be covered[] but did not identify what opinion the expert would offer on those subjects.'" *Id*. at 407.

Such disclosure is required "to minimize surprise that often results from unexpected expert testimony . . . and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16 advisory committee's note (1993). To that end, the summary contemplated under Rule 16(a) "should inform the requesting party whether the expert will be providing only background information on a particular issue or whether the witness will actually offer an opinion." Fed. R. Crim. P. 16 advisory committee's note (1993); *White*, 492 F.3d at 406. The summary of the bases for the expert's opinion must be provided even where the proffered experts prepared no reports, and it can include "any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703." *Id*.

6

The Government argues that the "notice in this case is not deficient or untimely, nor does the notice in any respect inhibit Defendant from preparing for trial." ECF No. 63, PageID.969. As part of its notice, the Government provided defense with the witness's *curriculum vitae*, two transcripts of her prior expert testimony, and a detailed list of topics. This notice was originally meant for the trial set to begin on September 19, 2023. Trial was adjourned twice since then and is now set to begin on January 24, 2024. On December 19, 2023, the due date for witness synopses, the Government furnished to Defendant its witness synopses. The synopsis of Shannon Martucci included only a list of topics on which Ms. Martucci would testify.

It is true that "Rule 16(a)(1)(G) requires the government to provide a 'written summary' of the expert testimony it intends to introduce, and the government cannot satisfy that obligation by merely providing a 'list of topics.'" *United States v. Williams*, 900 F.3d 486, 488-89 (7th Cir. 2018) (citing Fed. R. Crim. P. 16(a)(1)(G)).

In support of his lack-of-adequate-notice argument, Sampson relies on *Williams*. There, the court noted that "to help the defendant prepare for trial, the disclosure must summarize what the expert will actually say about those topics." *Id.*, (citing *United States v. Duvall*, 272 F.3d 825, 828–29 (7th Cir. 2001)). It held that government's disclosure of the expert testimony "was plainly inadequate under that standard, because it did no more than list a series of topics that she planned to cover."

*Id*. That said, however, the court ultimately concluded that the deficiency in the written summary was harmless because: (1) defendant was not unduly surprised by the expert testimony, (2) he did not show that he would have considered having his own expert testify had the notice been more detailed, and (3) while the sparse notice made it difficult for him to make other arguments pertaining to character evidence against the admission of the testimony, his substantive objection to the testimony was meritless so any impediment to making that objection was harmless. *Id*.

Sampson also relies on *White*. There, the Sixth Circuit found that the government's expert witness notice in the prosecution for*, inter alia*, conspiracy to defraud Medicare, engaging in scheme to defraud Medicare, wire fraud, and money laundering did not satisfy Rule 16's requirements. *United States v. White*, 492 F.3d 380 (6th Cir. 2007). The expert witness summary, although listing general subject matters to be covered, "did not identify what opinions the [expert] auditors . . . would offer on such subjects." *Id*. Notwithstanding this failure to comply, the Sixth Circuit found "nothing to support reversal." *Id*. at 407 (quoting Fed. R. Crim. P. 52(a) ("'Any error ... that does not affect substantial rights must be disregarded.'")). It reasoned that the defendants there "did not suffer any surprise" and, on appeal, failed to "suggest how the outcome of the case would have been different" had they been provided with a more detailed summary of the expert testimony or documentation related to that testimony, if any. *Id*.

Despite the significance and substance of what the Government has already disclosed, the Court finds that the Government is still required to provide a written summary detailing the expert opinion testimony Ms. Martucci will give at trial, and the bases and reasons underlying those opinions. Similar to *White* and *Williams*, the summary of Ms. Martucci's testimony here merely identifies a list of topics on which she will proffer testimony and thus, it is deficient under Rule 16.

As the Sixth Circuit has explained, however, "[i]t is well settled that a district court has considerable discretion under Rule 16, and that its imposition of a remedy or sanction for a discovery violation will be reviewed under an abuse of discretion standard." *United States v. Maples*, 60 F.3d 244, 246 (6th Cir. 1995) (citing *United States v. Muhammad*, 948 F.2d 1449, 1454–55 (6th Cir.1991)). As a general rule, district courts should adopt the "least severe sanction necessary." See *United States v. Ganier*, 468 F.3d 920, 927 (6th Cir.2006) (observing that district courts should adopt the "least severe sanction necessary doctrine" and utilize suppression as a "remedial device" limited to appropriate circumstances) (quoting *Maples*, 60 F.3d at 247–48). The court may order a defendant to supplement his disclosures under Fed. R. Crim. P. 16(b)(1)(C). See *United States v. Valle*, No. 12 Cr. 847(PGG), 2013 WL 440687, at *6 (S.D.N.Y. Feb. 2, 2013) (defendant ordered to provide the supplemental disclosure two days after the memorandum opinion & order was entered on the docket).

Defendant was notified of the Government's intent to call Ms. Martucci as a trial witness in August 2023 when trial was set to begin in January 2024. Further, Defendant says he has "identified several potential experts that could counter aspects of Martucci's testimony if it knew what she intended to say," but that he is not required to have several experts on standby to choose from depending on Ms. Martucci's conclusions. ECF No. 61, PageID.936. These experts include former sex workers, in addition to "Dr. McAuliff, who has been retained by other FDOs to testify about confabulation and minors' lie-telling behaviors, and John Leite, PhD, who extensively studied child psychology while working at a children's crisis center, among others." *Id*.

While the Court takes no position on whether exclusion of Ms. Martucci's testimony would change the potential verdict in this case, the Court finds that Defendant did not suffer surprise, despite the inadequate disclosures. Sampson had access to the expert witness notice for more than three months before the currently scheduled trial date. He has had time to prepare cross examination and to prepare his own expert witnesses. For example, Ms. Martucci will testify about the reasons why adolescent victims of sex trafficking and sexual abuse may delay disclosure of such abuse. Sampson has had time to find experts who may testify about why such victim may not delay disclosure of abuse.  Ms. Martucci will testify generally about her educational and work background. Sampson has been in possession of her

*curriculum vitae* for three months and is equipped to challenge Ms. Martucci's credibility at trial.

Ms. Martucci will testify about the concepts of trauma and disassociation and how they may affect an adolescent's ability to recall details of sexual exploitation. Sampson should be prepared to tell the jury—either through his own witnesses or through cross examination of Ms. Martucci—why trauma and disassociation do not have a severe impact on an adolescent's ability to recall details of sexual exploitation. Further, as stated in the Court's previous Opinion and Order, Martucci "will be permitted to testify about the reasons why sex trafficking victims lie about their age only if MV-1's character for truthfulness is attacked." ECF No. 60, PageID.932. Finally, Sampson has had time to procure testimony about the dynamics of the relationship between a sex trafficker and an adolescent victim, and the concept of branding, topics on which Ms. Martucci is expected to offer testimony.

In these circumstances, precluding Ms. Martucci's testimony is not the most appropriate sanction. Instead, the Court orders the Government to supplement its disclosures and provide a written summary of Ms. Martucci's opinions by **Monday, January 22, 2024**.

Sampson also avers that the "'bases' of Martucci's proposed testimony—her experience in counseling and forensic interviewing—are hearsay because she is simply repeating what others have told her." ECF No. 61, PageID.937. He also

11

states that "[e]xperts may offer opinions based on hearsay if the opinions are based on a reliable methodology and the expert applies expertise to relay that information to the jury." *Id*. (citing Fed. R. Evid. 703).

As stated *supra*, the Court entered a 48-page Opinion and Order addressing, *inter alia*, Sampson's Motion in *Limine* to Exclude Expert Ms. Martucci [ECF No. 51] and Ms. Martucci's reliability. See ECF No. 60. Defendant raised no hearsay issues at that time. Further, Defendant's Motion to Exclude Expert referenced Rules 702, 403, and 608, but made no mention of Rule 703.  ECF No. 51, PageID.269. The Court will not consider Defendant's hearsay argument because, as stated *supra*, he presents no basis for the Court to reconsider its prior ruling. See E.D. Mich. L.R. 7.1(h)(2).

## IV.    Conclusion

Defendant's Motion to Preclude Ms. Martucci's testimony is **DENIED**.

**SO ORDERED.**

Dated:  January 18, 2024                    /s/Gershwin A. Drain
                                            GERSHWIN A. DRAIN
                                            United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 18, 2024, by electronic and/or ordinary mail.
s/ Lisa Bartlett
Case Manager