UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAVONTE SAMPSON,

    Defendant.
_____/

Case No. 21-CR-20732

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**ORDER DENYING DEFENDANT'S MOTION TO ALLOW EVIDENCE [ECF No. 62]; AND MODIFYING OPINION AND ORDER [ECF No. 60]**

**I.    Introduction**

Lavonte Sampson ("Defendant" or "Sampson") was indicted on December 7, 2021. He faces charges for Sex Trafficking of Children under 18 U.S.C § 1591(a) ("Count 1") and Production of Child Pornography under 18 U.S.C § 2251(a) ("Count 2"). Before the Court is Defendant's Motion to Allow Evidence [ECF No. 62], filed on December 22, 2023. The Government responded on December 22, 2023, and Defendant replied on January 4, 2024. The Court heard oral argument on January 16, 2024. For the reasons set forth below, Defendant's Motion is **DENIED** and the Court's Opinion and Order [ECF No. 60] is **MODIFIED**.

1

## II. Factual and Procedural Background

For criminal proceedings involving "alleged sexual misconduct," Federal Rule of Evidence 412 sets forth a prohibition against the admission of evidence offered to prove (1) "that a victim engaged in other sexual behavior" or (2) "a victim's sexual predisposition." Fed. R. Evid. 412(a). There are limited exceptions to this prohibition. See Fed. R. Evid. 412(b)(1)(A)–(C).

Pursuant to Rule 412, the Government previously moved *in limine* to exclude evidence of "MV-1's sexual activity unrelated to Sampson that occurred before, during, or after the period alleged in the Indictment." ECF No. 27, PageID.99. The Court granted this motion in an Opinion and Order entered on December 19, 2023. Specifically, the Court noted that "Sampson does not challenge this request; instead, he intends to question MV-1 about her 'conduct in this case as it pertains to the elements of Count 1 and 2.'" ECF No. 60, PageID.890. Further, the Court noted the following.

> The Government 'does not seek to prohibit Sampson from questioning MV-1 about the commercial sex acts in which she engaged at Sampson's direction during the time period alleged in the Indictment' as such a line of questioning would be relevant to Count 1 of the indictment. The Government 'does not' seek to 'prohibit [Sampson from] cross-examining MV-1 about her prior statement that she did not have sex with Sampson.' . . . Accordingly, the Government does not dispute that Sampson may question MV-1 about her 'conduct in this case as it pertains to the elements of Count 1 and 2.' The dispute arises in connection with Sampson's intention to question MV-1 about her sexual 'predisposition involving him.'

2

*Id.* at PageID.893. With respect to this dispute, the Court found that "MV-1's sexual predisposition towards Sampson is of no consequence in this criminal case where consent is not a defense and injury is not at issue[,]" and it determined that "the testimony Sampson seeks to elicit from MV-1 is not relevant under Fed. R. Evid. 401." *Id.*

At that time, Sampson argued that the evidence was admissible under Rule 412(b)(1)(B), which provides that evidence offered to prove a victim's sexual predisposition is inadmissible except for "evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor." ECF No. 60, PageID.890. The Court concluded that "[r]egardless of Rule 412(b)(1)(B)'s applicability, . . . the testimony Sampsons seeks to elicit from MV-1 may properly be excluded because 'irrelevant evidence is inadmissible.'" *Id.* at PageID.894 (citing Fed. R. Evid. 402).

The Court also excluded the evidence under Rule 403. It held that, "the evidence pertaining to MV-1's sexual predisposition towards him is inadmissible on all grounds not including the narrow and specific purpose of proper and permissible impeachment." ECF No. 60, PageID.897.[1] Lastly, the Court ruled that both parties

---

[1] The Court modifies this ruling below. Except for this ruling, all rulings made in the Opinion and Order [ECF No. 60] remain the same.

are prohibited form making any arguments pertaining to consent, as the Court had found that any evidence pertaining to consent is irrelevant. *Id.*

Now Sampson moves the Court to allow him to cross-examine MV-1 and other government witnesses "on her involvement in commercial sex work with individuals other than Sampson as well as on her own" during the time period alleged in the indictment. ECF No. 62, PageID.956. The Court will describe the law and analysis applicable to Defendant's Motion below.

### III. Applicable Law and Analysis

In his Motion, Sampson avers that "the evidence is not being offered to prove sexual predisposition, but rather to provide the jury with all the facts relevant to the charges the government has levied against Sampson and ensure Sampson's rights to confront adverse witnesses and present a complete defense are effectuated." ECF No. 62, PageID.959. For Sampson, presenting a "complete defense" means "exploring MV-1's credibility and potential bias against Sampson to protect those that in fact recruited and sex trafficked her during the time alleged in the indictment." *Id.*, PageID.961. Sampson also asserts that the "effective assistance of counsel at trial requires counsel [to] diligently examine the government's witnesses pertaining to the government's allegations". *Id.* at PageID. 1956. (citing Fed. R. Evid. 412(b)(1)(C); and U.S. Const. Amends. V and VII)). He invokes his "right to

4

confront the government's witnesses about their testimony in support of those allegations."

Sampson cites Rule 412(b)(1)(C) (the Rule provides that evidence of a victim's other sexual behavior is not designated as inadmissible if its exclusion "would violate the defendant's constitutional rights"). The constitutional provisions that Sampson invokes are the Fifth Amendment Due Process clause and the Sixth Amendment's Confrontation Clause. The Court will discuss Sampson's arguments and the applicable law below.

### A. Fifth Amendment's Due Process Clause

"The Fifth Amendment's Due Process Clause guarantees a defendant's right 'to present evidence favorable to himself on an element that must be proven to convict him.' " *United States v. Lockhart*, 844 F.3d 501, 509 (5th Cir. 2016) (quoting *Clark v. Arizona*, 548 U.S. 735, 769 (2006)). However, "the Due Process Clause does not give a criminal defendant the right to introduce irrelevant evidence." *United States v. Bell*, No. 17-CR-20183, 2021 WL 2134209, at *2 (E.D. Mich. May 26, 2021) (citing *Taylor v. Illinois*, 484 U.S. 400, 410 (1988)).

As to Count 1, 18 U.S.C. § 1591(a)(1), the Government must prove that: (1) Sampson knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited by any means MV-1; (2) while knowing or recklessly disregarding the fact that MV-1 had not attained the age of 18

5

years and would be caused to engage in a commercial sex act; and the Government must prove (3) that the offense affected interstate or foreign commerce. *United States v. Willoughby*, 742 F.3d 229, 241 (6th Cir. 2014) (abrogated on other grounds by *Johnson v. United States*, 576 U.S. 591, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015)). The Government is not required to prove consent. See *United States v. Mack*, 808 F.3d 1074, 1081 (6th Cir. 2015) (noting that "[w]ith respect to [a defendant's] sex trafficking of a minor (MS) conviction, the government was not required to prove force or coercion at all. . . Instead, the government need only prove that defendant knew, or acted in reckless disregard of the fact[] that MS was less than eighteen years old and would be caused to engage in commercial sex acts.").

The Sixth Circuit has held that evidence of pre- and post-indictment prostitution is properly barred under Rule 412, as this evidence is irrelevant to the *mens rea* element under § 1591(a) and to whether the victims were forced or coerced into engaging in commercial sex. See *United States v. Mack*, 808 F.3d 1074, 1084 (6th Cir. 2015) (rejecting the defendant's argument that victims' prior histories of prostitution were relevant to show that the victims consented to acts of prostitution while working for him).

The case law draws a distinction between (1) pre- and post-indictment commercial sex activities and (2) sex trafficking that is the subject of the prosecution. See, e.g., *United States v. Haines*, 918 F.3d 694, 696 (9th Cir. 2019)

6

(excluding evidence of pre- and post-indictment prostitution but allowing defendant "to explore whether the Victims engaged *in the prostitution activities at issue in this case* ... with[out] his assistance") (emphasis added); and *Lockhart*, 844 F.3d at 510 (holding that "evidence of the victims' pre- and post-indictment prostitution [was] not relevant to prove an element necessary to convict [defendants]" but permitting cross-examination regarding the alleged sex trafficking that was the subject of the prosecution).

Sampson's Motion seeks permission to cross-examine MV-1 about alleged commercial sex work that occurred during the time period alleged in the indictment. According to Sampson, MV-1 engaged in this commercial sex work on her own or at the behest of other persons, which is relevant to prove identity and show MV-1's bias against Sampson. He relies on *Bell*. There, the court ruled that,

> Evidence of victims' other sexual behavior or sexual predisposition, i.e., 'the victims' pre- and post-indictment acts of prostitution' would 'be irrelevant to this case as it does not make more or less probable the fact that [Defendants] caused their victims to engage in a commercial sex act during the time period alleged in the indictment.' *By contrast, evidence that someone other than Bell caused the alleged victims to engage in commercial sex acts…. during the time period alleged in the second superseding indictment* would make it less probable that [the defendant] committed the charged sex trafficking acts. Such evidence is not evidence of 'other' behavior or a 'predisposition.' Fed. R. Evid. 412(a). Rather, *it is evidence of the exact behavior that is the subject of the sex trafficking prosecution*.

*Bell*, 2022 WL 1214150, at *3 (emphasis added).

7

*Bell*, *Lockhart*, and *Haines* are all distinguishable because Sampson does not assert that the exact sex trafficking activities that are the subject of the prosecution were committed by other persons not including himself. To be sure, Sampson asserts that "the discovery in this case has revealed evidence, from MV-1 herself, that she was trafficked during the time alleged in the indictment, by others rather than Sampson and/or engaged in commercial sex work on her own without any input from or direction by Sampson." ECF No. 62, PageID.962. The language of Sampson's Motion appears to argue that, in addition to the sex acts that are the subject of the prosecution, MV-1 engaged in separate or independent commercial sex work during the same time period. There is a distinction between the alleged sex trafficking crimes committed by Sampson and MV-1's separate or independent commercial sex work that occurred at the same time but without Sampson's involvement. Because of this distinction, the MV-1's separate or independent sex work in not relevant to the charges Sampson now faces.

In other words, the alleged fact that MV-1 may have engaged in separate or independent sex work during the same time she was allegedly being trafficked by Sampson does not make it more or less probable that Sampson committed the acts alleged in the indictment. See *United States v. Elbert*, 561 F.3d 771, 777 (8th Cir. 2009) (in a child sex trafficking case, the court concluded that Rule 412 (b)(1)(C) did not permit the admission of evidence pertaining to a child-victim's sexual

8

behavior and the Due Process clause was not violated since the evidence was not helpful in determining any element of the offense under 18 U.S.C. § 1591(a)).

The scope of permissible evidence is persuasively observed by the court in *Williams*, where the appellate court quoted the trial transcript and held that the district court did not abuse its discretion in limiting the defendant's cross-examination to acts of prostitution that occurred before and during the time he was in contact with the victims. *United States v. Williams*, 564 F. App'x 568, 576 (11th Cir. 2014). The court cited trial transcript approvingly. The district court stated the following.

> If the Government is [1] saying the man who is enticing, harboring, and maintaining these young ladies is Mr. Williams, and [the defense] want[s] to say that is not true, the man who is doing that is Mr. Jones ... if that was [happening] at the same time, I don't think there is any question that would be admissible [testimony] because that would [potentially exonerate] Mr. Williams.... But if it turns out that [2] having left Mr. Williams' home, these young ladies [later engaged] in prostitution at the behest of Mr. Jones, I don't think that is relevant.

*Id.* at 575-576. Notably, the court distinguished between two categories of evidence: (1) evidence of the victims' commercial sex work that could potentially exonerate the defendant (the "former evidence"), and (2) evidence that would only show that the victims engaged in additional commercial sex work—without the defendant's involvement—during the time they had contact with the defendant (the "latter evidence"). The appellate court said the latter evidence was irrelevant and therefore

9

the trial court did not abuse its discretion or violate the constitution by excluding it. *Id.*

Similar to the latter evidence mentioned in *Williams*, the evidence Sampson seeks to elicit here has no potential to exonerate him. Sampson does not argue that the person who engaged in the particular acts alleged in the indictment was someone else instead of him. The Government intends to introduce evidence that MV-1 met *Sampson*, who was 36 years old, and they began talking on Facebook. *Sampson* allegedly recruited MV-1 to engage in commercial sex work. *Sampson* allegedly created and posted commercial sex ads for MV-1 using photographs she sent him and photographs that he took. *Sampson* allegedly arranged a commercial sex date between MV-1 and an undercover agent, and *Sampson* allegedly recorded himself and MV-1 having sex, *inter alia*.

Unless Sampson's proposed cross examination has the potential to rebut the Government's evidence by suggesting that he did not commit these acts and that they were instead committed by another individual, he may not question MV-1 about her separate or independent sex work that allegedly occurred during the time period at issue in this prosecution. MV-1's separate or independent commercial sex work is of no consequence to Sampson's defense and thus, the Court does not violate the Fifth Amendment's due process clause by excluding it. Such evidence "would only

10

prove that other people might be guilty of similar offenses of recruiting, enticing, or causing the[] victim[] to engage in a commercial sex act." *Elbert*, 561 F.3d at 777.

Evidence regarding the MV-1's separate or independent sex work that occurred during the period alleged in the indictment is inadmissible. However, Sampson is free to question MV-1 regarding Sampson's involvement in the sex work at issue in this prosecution, i.e., whether MV-1 engaged in the activities at issue in this case without Sampson's involvement. See *Haines*, 918 F.3d at 698 ("Defendant is free to explore whether the Victims engaged in the prostitution activities at issue in this case on their own, rather than with his assistance.")

### B. The Sixth Amendment's Confrontation Clause

The Confrontation Clause guarantees a criminal defendant the opportunity for effective cross-examination, which is "the principal means by which the [credibility] of a witness and the truth of [her] testimony are tested." *Davis v. Alaska*, 415 U.S. 308, 316 (1974). The vital role of cross-examination is to reveal a witness's potential "biases, prejudices, or ulterior motives." *Boggs v. Collins*, 226 F.3d 728, 736-737 (6th Cir.2000) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986) (internal quotations omitted). Thus, a violation of the Confrontation Clause occurs when a criminal defendant is "prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness...." *Id*.

11

It is well established that a trial court may, in its discretion, reasonably limit the scope of cross-examination without violating the Confrontation Clause. See *Collins*, 226 F.3d at 736 (citing *Van Arsdall*, 475 U.S. at 679. These reasonable limits may be based on concerns about "harassment, prejudice, confusion of the issues, witness safety, or interrogation that is repetitive or only marginally relevant." See *id.*; *King v. Trippett*, 192 F.3d 517, 524 (6th Cir.1999) (citing *Van Arsdall*, 475 U.S. at 679, 106 S.Ct. 1431). In this way, the Confrontation Clause "guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985) (emphasis in original).

If cross-examination that is probative of a witness's bias, prejudice, or motive to testify is hindered, the court must evaluate two matters. *Bell*, 2021 WL 2134209, at *3 (citing *Collins*, 226 F.3d at 739). First, the court must determine "whether the jury had enough information, despite the limits placed on otherwise permitted cross-examination, to assess the defense theory of bias or improper motive." *Collins*, 226 F.3d at 739. Second, even if cross-examination is hindered to "such a degree that the Confrontation Clause is implicated," the court "must apply a balancing test to weigh the defendant's interest in impeaching the witness against the state's competing interest in excluding the evidence." *Bell*, 2021 WL 2134209, at *3 (citing *Collins*,

226 F.3d at 739). Additionally, to be admissible, the probative value of the evidence proposed on cross-examination must not be substantially outweighed by the danger of unfair prejudice or jury confusion. Fed. R. Evid. 403.

Sampson asserts that he has a right to explore "MV-1's credibility and potential bias against Sampson to protect those that in fact recruited and sex trafficked her during the time alleged in the indictment." ECF No. 62, PageID.961.

The Sixth Circuit rejected a materially similar argument made by the defendant in *Jackson*. There, the defendant argued that the district court erred by excluding evidence which demonstrated that two minor victims prostituted themselves for other persons before doing so for the defendant. *United States v. Jackson*, 627 F. App'x 460, 462, 63–464 (6th Cir. 2015). The defendant believed that the evidence would have revealed each victim's motives to falsely accuse the defendant as her pimp, avoid being prosecuted themselves, and protect their true traffickers from prosecution. *Id*. The Sixth Circuit stated several reasons for rejecting this argument. *Id*. Notably, the victims admitted that their willingness to testify against the defendant was motivated by immunity from prosecution. *Id*. at 463. Additionally, the Court found that the Government's interest in protecting the victims' privacy outweighed the defendant's Sixth Amendment confrontation interests because the proposed cross-examination strayed from "prototypical" forms of bias. *Id*. at 464. Specifically, the Sixth Circuit found that defendant's "planned

cross-examination required the jury to infer or speculate that the girls initially denied but later admitted to prostituting for [the defendant] in a calculated scheme to protect other pimp[s]." *Id*. In the Sixth Circuit's view, this was " 'not a natural inference and [it] appear[ed] to be based on little more than speculation.' " *Id*. (quoting *United States v. Jackson*, No. 1:13-CR-246, 2014 WL 1660062, at *2 (W.D. Mich. Apr. 25, 2014)). The Court rejected the defense justification because "any Sixth Amendment interest was negligible" and "[t]enuous inferences" were necessary to connect the victims' other acts of prostitution to their alleged bias against the defendant.

Sampson's seeks permission to cross-examine MV-1 about her separate or independent commercial sex work that allegedly occurred during the same time she was trafficked by Sampson. Sampson does not explain how this evidence would challenge MV-1's credibility, reveal her to be biased against him, or how it would demonstrate that she had an improper motive. Similar to the defendant's argument in *Jackson*, Sampson's argument appears to be based on speculation and tenuous inferences. Those tenuous inferences suggest that due to all the coexisting efforts—by Sampson, other persons, or MV-1 herself—to engage MV-1 in sex work, she is biased against him. There is much less information supporting such an inference here than there was in *Jackson*. Further, the Court relied on much stronger inferences in *Bell* to show that cross examination pertaining to the victims' prostitution with other pimps was warranted. *Bell*, 2022 WL 1214150, at *2 (Bell asked the Court to

14

"permit defense counsel to question one alleged victim, S.F., about her purported motives to blame Bell: (i) to protect D.M., her true trafficker, and (ii) because D.M. was S.F.'s alleged boyfriend and father of her child, and he 'had issues with Bell' (the two 'did not like each other.'"). By contrast, here, the only reason Sampson sets forth for believing that MV-1 may be biased against him is because she was allegedly engaged in other commercial sex work not involving Sampson at the same time she was allegedly being trafficked by him. This fact, even if true, does not support an inference that MV-1 is biased against Sampson. Thus, any Sixth Amendment interest Sampson has in questioning MV-1 about her separate and independent commercial sex work is negligible.

Further, Sampson alleged in his Motion for Brady Material that MV-1's "story has changed repeatedly between her first forensic interview in December 2020 and her last documented interview with the FBI on December 28, 2023." ECF No. 70, PageID.995. Sampson will have an opportunity to question MV-1's credibility by cross-examining MV-1 about her purported changing accounts of the alleged events. And Sampson may cross-examine MV-1 about her bias and motives for testifying without questioning her about her separate and independent commercial sex work.

Additionally, and for the reasons stated *supra*, Sampson's proposed cross examination is not probative on any element of the charges he faces. And "the argument that the Sixth Amendment right to confront witnesses provides an

15

exception to Rule 412 has been rejected repeatedly by the Sixth Circuit." *United States v. Noble*, No. 19-20525, 2021 WL 2980683, at *3 (E.D. Mich. July 15, 2021) (citing *Jackson*, 627 F. App'x at 462; *United States v. Ogden*, 685 F.3d 600, 605 (6th Cir. 2012). In cases involving trafficking of a minor, Courts have held that the victim's sexual history, or evidence of other acts of prostitution not at issue in the indictment have "no impeachment value." *Elbert*, 561 F.3d at 777; see also *United States v. Anderson*, 139 F.3d 291, 303 (1st Cir.1998) (using prior commercial sex acts to impeach the victim's credibility "embod[ies] a particularly offensive form of stereotyping" and is not permissible). In these circumstances, Sampson's proposed cross-examination holds minimal probative value. Thus, the Confrontation Clause is not implicated by the limits the Court will set on cross-examination pertaining to MV-1's separate or independent commercial sex work.

Even if the Confrontation Clause was implicated, however, Rule 412 "aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details" and to "encourage[ ] victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders." Fed. R. Evid. 412, Advisory Committee's Note to 1994 Amendment; *Ogden*, 685 F.3d at 606. Unless Sampson could show that the valid reasons for exclusion of evidence here are outweighed by the evidence's probative value in demonstrating his

16

innocence, the exception stated in Rule 412(b)(1)(C) does not apply. *Id*. at 605. Here, Sampson makes no effort to show how the value of his proposed cross-examination outweighs the governmental interest in protecting victims.

As stated *supra*, Evidence regarding MV-1's separate or independent sex work that occurred during the period alleged in the indictment is inadmissible. However, Sampson is free to question MV-1 regarding Sampson's involvement in the sex work that is the subject of the indictment, i.e., whether MV-1 engaged in the activities at issue in this case without Sampson's involvement. And Sampson is permitted to question MV-1 about her alleged bias and motives for testifying without inquiring into her separate or independent commercial sex work.

### C. Modification of the Court's Opinion and Order [ECF No. 60]

The Court previously ruled that, "other than for proper impeachment purposes, Sampson is precluded from eliciting any testimony from MV-1 about her sexual predisposition towards him." ECF No. 60, PageID.896. And the Court held that "the evidence pertaining to MV-1's sexual predisposition towards him is inadmissible on all grounds not including the narrow and specific purpose of proper and permissible impeachment." *Id*.

In his Motion, Sampson notes that "[t]his Court's preemptive Order prohibiting the introduction of Rule 412 evidence partially addressed the requests Sampson makes here, as it permits questioning for permissible and proper

17

impeachment. (ECF No. 60, Op. & Order, PageID.897.).” ECF No. 62, PageID.962. Sampson says he "wishes to clarify the scope of the Court's order and offer[] reasons for permitting introduction this Court has not previously heard." *Id*. The Court will clarify its previous ruling below.

When the Court made the previous ruling, it intended to permit Sampson to cross examine MV-1 about statements she made pertaining to her and Sampson's alleged sexual relationship, or other events at issue in this case, including a statement she allegedly made indicating that she did not have sex with Sampson. This is the full scope to which Sampson may cross examine MV-1 about any sex acts. The scope of Sampson's permissible cross examination of MV-1 does not necessarily include MV-1's "sexual predisposition" towards him. Because "sexual predisposition" broadly refers a victim's "tendency to act in a certain way," *Bell*, 2022 WL 1214150, at *3, and the Court previously ruled that Sampson may cross examine MV-1 about her sexual predisposition towards him, this previous ruling is much broader than the Court intended it to be.

Rule 412(a) prohibits evidence offered to prove that a victim engaged in "other sexual behavior" or has a sexual "predisposition." There is an exception for evidence of specific instances of a victim's sexual conduct with respect to the defendant when being offered by the defendant to prove consent or being offered by the prosecutor. Fed. R. Evid. 412(b)(1)(B). Even if Sampson wanted to rely on this exception, the

18

evidence is irrelevant because consent is not an element necessary to convict Sampson for the sex trafficking of a minor charge. Further, Sampson may not rely on Rule 412(b)(1)(C) because evidence of MV-1's sexual predisposition toward him is not relevant to any element necessary to convict and thus, neither the Due Process Clause of the Fifth Amendment nor the Confrontation Clause of the Sixth Amendment are implicated.

The Court's Opinion and Order [ECF No. 60] is modified. Sampson may cross examine MV-1 about statements she made pertaining to her and Sampson's alleged sexual relationship, or other events at issue in this case, including a statement she allegedly made indicating that she did not have sex with Sampson. He may not cross examine her about her "sexual predisposition" towards him.

### IV. Conclusion

Defendant's Motion to Allow Evidence is **DENIED**. The Opinion and Order [ECF No. 60] is **MODIFIED**.

**SO ORDERED.**

Dated: January 22, 2024 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on

January 22, 2024, by electronic and/or ordinary mail.
/s/ Aaron Flanigan
Deputy Clerk