UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN


United States of America,                    Case No. 2:21-cr-20732

                Plaintiff,

                                Judge Gershwin Drain

      vs.

Lavonte Sampson,

                Defendant.

## **JURY INSTRUCTIONS**

The United States of America, by and through counsel, Dawn N. Ison,

United States Attorney, and David Cowen and Jeanine Brunson, Assistant United

States Attorneys, submit the following proposed jury instructions.

Respectfully submitted,

DAWN N. ISON
United States Attorney


By:    */s/ David Cowen*
       David Cowen
       Assistant United States Attorney
       211 W. Fort Street, Suite 2001
       Detroit, Michigan 48226
       Phone: (313) 226-9575
       david.cowen@usdoj.gov

1

## <u>INTRODUCTION</u>

Members of the jury, now it is time for me to instruct you on the law you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crimes that the Defendant, Lavonte Sampson, is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## JURORS' DUTIES

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you on the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions I give you, even if you personally disagree with them.  This includes the instructions I gave you before and during the trial and these instructions.  All of the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

3

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

As you know, the defendant has pled not guilty to the crimes charged in the Indictment.  The Indictment is not evidence at all of guilt.  It is just the formal way that the government tells the defendant what crimes he is accused of committing.  It does not even raise a suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish.  You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crimes charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common

4

sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a verdict of not guilty.

## **EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes: only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.  Make your decision based only on the evidence, as I have defined it here, and nothing else.

## <u>CONSIDERATION OF EVIDENCE</u>

You are to consider only the evidence in the case.  You should use your common sense in weighing the evidence.  Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference."  A jury is allowed to make reasonable inferences, unless otherwise instructed.  Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is evidence like the testimony of an eyewitness that, if you believe it, directly proves a fact.  If a witness testifies that he saw it raining outside, and you believe him, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact.  If someone walks into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight you should give to either one; the law does not say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said or part of it or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the defendant or had anything to gain or lose from the case that might influence the witness's testimony. Ask yourself if the witness had any bias, prejudice, or reason

for testifying that might cause the witness to lie or slant the testimony in favor of one side or the other.

(F)  Ask yourself if the witness testified inconsistently while on the witness stand, if the witness said or did something, or failed to say or do something at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake or if it seemed deliberate.

(G)  And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things; and that even two honest people who witness the same event may not describe it in exactly the same way.

These are only some of the things you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your

everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

## NUMBER OF WITNESSES

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

## <u>LAWYERS' OBJECTIONS</u>

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes.  The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

Do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Also, you are free to disregard any questions that I asked, or comments that I made. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## TESTIMONY AND EVIDENCE - INTRODUCTION

That concludes the part of my instructions that explains your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that Lavonte Sampson is accused of committing.

But before I do that, I want to emphasize that Mr. Sampson is only on trial for the particular crimes charged in the Indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved Mr. Sampson guilty.  Do not let the possible guilt of others influence your decision in any way.

## SEPARATE CONSIDERATION--SINGLE DEFENDANT CHARGED WITH MORE THAN ONE CRIME

Mr. Sampson has been charged with two crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that Mr. Sampson is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on the other charge.

## <u>ON OR ABOUT</u>

Next, I want to say a word about the date mentioned in the Indictment.

The Indictment charges that the crimes happened "on or about" certain dates.  The government does not have to prove that the crimes happened on those exact dates.  But the government must prove that the crimes happened reasonably close to those dates.

## <u>USE OF THE WORD "AND" IN THE INDICTMENT</u>

Although the indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged.  Of course, this must be proved beyond a reasonable doubt.

## <u>INFERRING REQUIRED MENTAL STATE</u>

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results.  This, of course, is all for you to decide.

## <u>ELEMENTS OF THE OFFENSE – COUNT 1</u>

Count 1 of the Indictment charges Lavonte Sampson with Sex Trafficking of a Minor.  For you to find him guilty of this offense, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that Mr. Sampson knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained the minor;

Second, that Mr. Sampson knew or recklessly disregarded the fact that she was under the age of 18 years old and would be caused to engage in a commercial sex act.  If you find that Mr. Sampson had a reasonable opportunity to view her, the government need not prove that Mr. Sampson knew or recklessly disregarded the fact that she was under the age of 18.

Third, the offense affected interstate or foreign commerce.

Now I will give you more detailed instructions on these terms.

The term "commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

19

## FIRST ELEMENT: MEANS DEFINED

The first element of the offense that the government must prove beyond a reasonable doubt is that Mr. Sampson knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained the minor by any means.

In considering whether Mr. Sampson did any of these things, I instruct you to use the ordinary, everyday definitions of these terms.

"Recruit" means to seek to enroll; to persuade someone to join.

"Entice" means to attract, induce or lure using hope or desire.

"Harbor" means to give or afford shelter to a person.

"Transport" means to take or convey from one place to another.

"Provide" means to furnish, supply or make available.

"Obtain" means to gain, acquire or attain that person, even if only for a short period.

"Maintain" means to cause or enable a condition to continue or keep in a certain state.

You do not all need to agree that the Government has satisfied this element in the same way. This means that you do not all need to unanimously agree that Mr. Sampson recruited, enticed, harbored, transported, provided, obtained or maintained a person. You only need to unanimously agree that the Government

has proven beyond a reasonable doubt that Mr. Sampson did knowingly engage in one of these practices.

## SECOND ELEMENT: AGE OF MINOR DEFINED

Count 1 of the Indictment also alleges that the person identified was a minor. As I have already instructed you, an alternative means of proving the second element of a sex trafficking offense is that Mr. Sampson knew or recklessly disregarded the fact that the person compelled to engage in a commercial sex act had not yet reached the age of 18.

A person recklessly disregards a fact within the meaning of this offense when he is aware of, but consciously or carelessly ignores, facts and circumstances that would reveal that a person was under 18 years of age. You may find that Mr. Sampson recklessly disregarded this fact if you find beyond a reasonable doubt that Mr. Sampson: (1) was aware of a high probability that she was under 18 years of age, and (2) deliberately avoided learning the truth.

In considering whether Mr. Sampson recklessly disregarded the fact that a person was under the age of 18 years, you may consider a number of factors, including the person's appearance or behavior, information from the person, or others, and circumstances of which Mr. Sampson was aware, such as the person's grade level in school, or activities in which, the person engaged, and whether Mr. Sampson had a reasonable opportunity to observe the person.

You do not all need to agree that the Government has satisfied this element in the same way. This means that you do not all need to unanimously agree that

Mr. Sampson knew the fact that she was under 18 years old and would be caused to engage in a commercial sex act, or that that he recklessly disregarded the fact that she was under 18 years old and would be caused to engage in a commercial sex act. Or if you find that Mr. Sampson had a reasonable opportunity to observe her, the government need not prove that Mr. Sampson knew or recklessly disregarded the fact that she was under the age of 18. You only need to unanimously agree that the government has proven beyond a reasonable doubt that Mr. Sampson did knowingly engage in one of these practices.

## **UNANIMITY NOT REQUIRED – MEANS**

One more point about the requirement that your verdict must be unanimous. Count 1 of the indictment accuses Mr. Sampson of committing the crime of Sex Trafficking of a Minor in more than one possible way as to the first and second element.

The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt of any one of these ways is enough. In order to return a guilty verdict, all twelve of you must agree that at least one of these has been proved; however, all of you need not agree that the same one has been proved.

## THIRD ELEMENT: AFFECTING INTERSTATE COMMERCE DEFINED

The third element that the government must prove beyond a reasonable doubt is that the offense affected interstate or foreign commerce.

The phrase "the offense affected interstate or foreign commerce" means that the prohibited recruiting, enticing, harboring, transporting, obtaining, providing, or maintaining the minor had at least a minimal connection with interstate or foreign commerce. This means that recruiting, enticing, harboring, transporting, obtaining, providing, or maintaining the minor had some effect upon interstate or foreign commerce.

The phrase "interstate commerce" means commerce between any combination of states, territories, and possessions of the United States, including the District of Columbia. The phrase "foreign commerce" means commerce between any state, territory or possession of the United States and a foreign country. The term "commerce" includes, among other things, travel, trade, transportation and communication.

To establish that the offense was in or affected interstate commerce, the government need not prove that the minor was transported across a state line or the idea of sex trafficking was formed in one state and then carried out in a different state.

In other words, interstate or foreign commerce simply means the movement of goods, services, money, and individuals between any two or more states or between one state and the District of Columbia or between a state and a U.S. Territory or possession or between the United States and a foreign country.

To satisfy this element of the charged offense, the government must prove that Mr. Sampson's conduct affected interstate commerce in any way, no matter how minimal. You do not have to find that Mr. Sampson's conduct actually affected interstate commerce if you find that his conduct would have affected interstate commerce if Mr. Sampson had successfully and fully completed his actions. Finally, the government is not required to prove that Mr. Sampson knew he was affecting interstate commerce.

## <u>CONSENT IS NOT A DEFENSE</u>

Consent by a minor is not a defense to the charge of sex trafficking of a

minor because a minor cannot legally consent to be sexually exploited.

## COUNT 2 – ELEMENTS OF THE OFFENSE

Count 2 of the Indictment charges Mr. Sampson with Production of Child Pornography. For you to find him guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that Mr. Sampson employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct.

Second,

(A)   That Mr. Sampson knew or had reason to know that the visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce;

OR

(B)   That the visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including computer;

OR

(C)   That the visual depiction was transported or transmitted using any means or facility of interstate or foreign commerce.

Now I will give you more detailed instructions on some of these terms.

A defendant "uses" a minor if he photographs the minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of 18 years. It is not necessary that the government prove that Mr. Sampson knew the person depicted was a minor.

The term "for the purpose of" means that the defendant acted with the intent to create visual depictions of sexually explicit conduct, and that the defendant knew the character and content of the visual depictions

The term "sexually explicit conduct" means actual or simulated sexual intercourse, including genital, oral genital, anal genital, or oral anal, whether between persons of the same or opposite sex.

The term "producing" means not only producing but also making, creating, directing, manufacturing, issuing, publishing, or advertising.

The term "visual depiction" includes:

> —data stored on computer disk or by electronic means which is capable of conversion into a visual image;

> —data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

29

The term "in interstate commerce" means the visual depiction or materials used to produce or transmit the visual depiction crossed a state line.

The term "means or facility of interstate commerce" includes the internet or the telephone.

The phrase "affecting" interstate or foreign commerce means having at least a minimal effect upon interstate or foreign commerce.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device. But such term does not include an automated typewriter or typesetter, a portable handheld calculator, or other similar device.

It is not necessary that the government prove that Mr. Sampson knew of the interstate or foreign nature of the materials used to produce the visual depictions.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find Mr. Sampson not guilty of this charge.

## **SPECIAL EVIDENTIARY MATTERS – INTRODUCTION**

That concludes the part of my instructions explaining the elements of the crime.  Next, I will explain some rules that you must use in considering the testimony and evidence.

## **DEFENDANT'S ELECTION NOT TO TESTIFY**

A defendant has an absolute right not to testify or present evidence.  The fact that Mr. Sampson did not testify or present any evidence cannot be considered by you in any way.  Do not even discuss it in your deliberations.

Remember that it is up to the government to prove a defendant guilty beyond a reasonable doubt.  It is not up to the defendant to prove that he is innocent.

## **LAW ENFORCEMENT WITNESSES**

In considering the testimony of a witness who is a law enforcement official or agent and/or employee of the government, you may not give more weight to the testimony of law enforcement officials or to agents or employees of the government for the mere reason that the witness is a police officer or an agent of the government.

## **OPINION TESTIMONY**

You have heard the testimony of Shannon Martucci, who testified as an opinion witness.

You do not have to accept Shannon Martucci's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how she reached her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## <u>WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS</u>

You have heard the testimony of Neil Gavin, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept Neil Gavin's opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

35

## <u>IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT NOT UNDER OATH</u>

(1) You have heard the testimony of Savannah C. You have also heard that before this trial she made a statement that may be different from her testimony here in court.

(2) This earlier statement was brought to your attention only to help you decide how believable her testimony was. You cannot use it as proof of anything else. You can only use it as one way of evaluating her testimony here in court.

## <u>TRANSCRIPTION OF RECORDING</u>

You have heard a recording that was received in evidence, and you were given a written transcript of the recording.

Keep in mind that the transcript is not evidence. It was given to you only as a guide to help you follow what was being said. Only the recording itself is the evidence. If you noticed any differences between what you heard on the recording and what you read in the transcript, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recording, you must ignore the transcript as far as those parts are concerned.

## <u>STATEMENT BY DEFENDANT</u>

You have heard evidence that the Defendant, Lavonte Sampson, made a statement in which Savannah C. claims he admitted certain facts. It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves. In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

You may not convict Mr. Sampson solely upon his own uncorroborated statement or admission.

## DELIBERATION AND VERDICT – INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.

39

That should stay secret until you are finished.

## <u>ATTORNEY INTERVIEWING WITNESS</u>

You have heard that the lawyers in this matter talked to various witnesses. There is nothing wrong with this. A lawyer may talk to a witness to find out what the witness knows about the case and what the witness's testimony will be. It is proper for an attorney to interview any witness in preparation for trial.

---

## EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE COMMUNICATIONS

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, Instagram, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are only

permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

You should know that if this Admonition is violated, there could be a mistrial. A mistrial means that the case is stopped before it is finished and must be retried at a later date. This can lead to a great deal of expense for the parties and for taxpayers, namely you and your neighbors. No one wants to see money, especially tax dollars, wasted. If a mistrial were to be declared based on a violation of this Admonition, the juror responsible could be required to pay the cost of the first trial and could also be punished for contempt of court.

In summary, make your decision based only on the evidence that you saw and heard here in court.

## **UNANIMOUS VERDICT**

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find a defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find a defendant not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous as to each count.

## <u>DUTY TO DELIBERATE</u>

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved Mr. Sampson guilty beyond a reasonable doubt.

## **PUNISHMENT**

If you decide that the government has proved a defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved a defendant guilty beyond a reasonable doubt.

## **VERDICT FORM**

I have prepared a verdict form that you should use to record your verdict. The form reads as follows:

### **[JUDGE WILL READ VERDICT FORM]**

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in each answer, sign his or her name, and date the form.

If you decide that the government has proved the charges against Mr. Sampson beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the forms. If you decide that the government has not proved the charges against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the forms.

Ring the jury buzzer, and you will be returned to the courtroom as soon as we have gathered all of the parties and their counsel.

## **JUROR QUESTIONS**

You will have a copy of these instructions with you in the jury room for your assistance during your deliberations.  These instructions should answer any question that you have about your role as juror.

However, if during your deliberations you should desire to communicate with the Court, please reduce your message or question to writing, signed by the foreperson, and pass the note to the courtroom deputy, who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having my courtroom deputy bring you back to the courtroom so that I can address you orally.

Remember at all times, you are not partisans.  You are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

### JUROR NOTES

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence, and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## <u>THE COURT HAS NO OPINION</u>

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  Nothing said in these instructions is meant to suggest or convey in any way what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.  You must decide for yourselves if the government has proved a defendant guilty beyond a reasonable doubt.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

United States of America,          Case No. 2:21-cr-20732

          Plaintiff,

                       Judge Gershwin Drain

     vs.

Lavonte Sampson,

          Defendant.

## VERDICT FORM

## COUNT ONE

1. As to Count One of the Indictment, Sex Trafficking of a Minor, we, the jury, by unanimous verdict, find the defendant, LAVONTE SAMPSON:

  _____       Not Guilty

  _____       Guilty

## **COUNT TWO**

1. As to Count Two of the Indictment, Production of Child Pornography, we, the jury, by unanimous verdict, find the defendant, LAVONTE SAMPSON:

    _____        Not Guilty

    _____        Guilty


_____
JURY FOREPERSON

DATE:

2