UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| United States of America, | ) | Case No. 2:21-cr-20732 |
| Plaintiff, | ) | |
| v. | ) | Judge Gershwin A. Drain |
| Lavonte Sampson, | ) | Government's Sentencing Memorandum |
| Defendant. | ) | |

Defendant Lavonte Sampson ("Sampson") sex trafficked a vulnerable, minor victim. He also had sex with that victim, recorded it, and sent the recording to an undercover officer posing as a sex buyer. He took advantage of a young girl for his personal profit with absolutely no regard for her safety or well-being. He did this mere months after police interviewed him about his involvement in trafficking other victims. For the following reasons, and for those to be articulated at the sentencing hearing, the Court should impose a sentence sufficient to reflect the seriousness of Sampson's conduct and protect the public from Sampson's further crimes.

**I.    Background**

    **A. The Instant Case**

A jury convicted Sampson of one count of sex trafficking a minor and one

count of production of child pornography. Having presided over the trial, the Court is very familiar with the facts underlying Sampson's convictions. In sum, in November 2020, a 36-year-old Sampson recruited 15-year-old MV-1 to have sex for money – money that went entirely to Sampson.

Sampson created and posted commercial sex ads for MV-1 and recorded himself and MV-1 having sex. Sampson then took MV-1 to the MNM Motel in Detroit, where he arranged commercial sex dates for her and collected all of the proceeds. An adult woman who was conducting her own commercial sex dates at the motel, T.P., assisted Sampson in facilitating MV-1's dates.

On November 30, 2020, Sampson arranged a commercial sex date between MV-1 and an undercover agent ("UC"). In the process of arranging the date with the UC, Sampson sent the UC the video recording of him having sex with MV-1. Agents recovered MV-1 during the UC date.

### B. The Madison Heights Case

Sampson recruited MV-1 approximately two months after being interviewed by Madison Heights police for his involvement in a separate sex trafficking scheme. Specifically, on October 1, 2020, Madison Heights police conducted an undercover operation in which officers responded to a commercial sex ad and arranged for a date at a hotel. (PSR, PageID.2802, ECF No. 125). During the operation, officers saw the women exit a car outside of the hotel and walk to the

hotel room in which the undercover officer agreed to meet. (*Id.*). The women solicited sex from the officer and were subsequently arrested. (*Id.*). Officers approached the car that the women exited and found Sampson and two others. (*Id.*).

On October 5, 2020, a police officer interviewed Sampson about the October 1st undercover operation. (*Id.*). During the interview, Sampson stated that he used to be a pimp but was not any longer and that he still posts commercial sex ads for women in exchange for money. (*Id.*). He admitted to having an account with a commercial sex website and to making advertisements for individuals in exchange for money. (*Id.*).

On April 20, 2023, Sampson plead no contest to two counts of Transporting a Person for the Purposes of Prostitution based on his conduct with the two adult women encountered during the October 1st undercover operation. He also plead to one Count of Accepting Earnings from a Prostitute, based on his conduct with a 15-year-old victim. (*Id.* at 2803). The court sentenced Sampson to 42 months to 20 years' imprisonment. (*Id.*).

## II. Applicable Legal Standards

Familiar legal principles guide the Court's sentencing determination. The advisory Guidelines range serves as "the starting point and the initial benchmark" and thus remains an indispensable resource for assuring appropriate and uniform

3

punishment for federal criminal offenses. *Gall v. United States*, 552 U.S. 38, 49 (2007). The Court then considers the factors set forth in 18 U.S.C. § 3553(a).

### III. The Applicable Sentence Guidelines

#### A. Guidelines Calculation

The government agrees with the following Guidelines calculation outlined in the PSR.

| Guideline | Description | Level |
|---|---|---|
| 2G2.1 | Base offense level for conviction under 18 U.S.C. § 2251(a) | 32 |
| 2G2.1(b)(1)(B) | Minor between 12 and 16 years old | +2 |
| 2G2.1(b)(2)(A) | Commission of a sex act | +2 |
| 2G2.1(b)(3) | Offense involved distribution | +2 |
| 4B1.5(b)(1) | Repeat and dangerous offender against minors | +5 |
| | **Adjusted offense level** | **43** |

PSR, PageID.2797–98, ECF No. 125. With a criminal history category III, the resulting range is a term of life imprisonment, with statutory minimums of 120 months on Count 1 and 180 months on Count 2.

#### B. PSR Objections

The Court should overrule Sampson's objections to the Guidelines calculation in the PSR. First, the two-point enhancement for distribution is applicable. The evidence presented at trial established that Sampson sent the UC the video of him and MV-1 having sex. The video was sent from Sampson's TextNow phone number around the same time that Sampson was communicating with T.P. about arranging the date with the UC. That same conversation with the

4

UC included photographs of MV-1 that Sampson took of her at the hotel and that ultimately appeared in commercial sex ads on Sampson's Megapersonals account. There is no evidence that any other individual involved in the UC date, including MV-1, T.P., or T.D., sent the video. The enhancement therefore applies.

Second, the PSR correctly applies the five-point enhancement for engaging in a pattern of sexual activity because Sampson engaged in at least three separate instances of prohibited sexual conduct with a minor. United States Sentencing Guideline Section 4B1.5(b)(1) provides for a five-level enhancement "[i]n any case in which the defendant's instant offense of conviction is a covered sex crime, neither Section 4B1.1 nor [Section 4B1.5(a)] applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b)(1). Prohibited sexual conduct includes engaging in a sexual act with a minor, distributing child pornography, and the production of child pornography. *See id.*, cmt. n. 4(A); 18 U.S.C. § 2242(3); 18 U.S.C. § 2251. A defendant engaged in a pattern of such activity if "on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." *Id.*, cmt. n. 4(B)(i). "An occasion of prohibited sexual conduct may be considered . . . without regard to whether the occasion (I) occurred during the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion." *Id.*, cmt. n. 4(B)(ii).

5

Contrary to Sampson's assertion, he engaged in at least three separate instances of prohibited sexual conduct with a minor. First, MV-1 testified that Sampson had sex with her on multiple occasions, thereby committing sexual abuse in violation of 18 U.S.C. § 2242(3), as under federal law, minors cannot consent to having sex. Second, Sampson filmed himself having sex with MV-1 on one of those occasions, thereby producing child pornography. Third, he sent the sex video to the undercover officer, thereby distributing child pornography. This conduct constitutes three separate instances that form a pattern of prohibited sexual conduct. *See United States v. Paauwe*, 968 F.3d 614, 618 (6th Cir. 2020) (Section 4B1.5(b)(1) applies to defendant who abuses only a single victim); *United States v. Preece*, No. 22-5297, 2023 WL 395028, at *4 (6th Cir. Jan. 25, 2023) (the required occasions of prohibited sexual conduct under Section 4B1.5(b)(1) may include the instant offenses of conviction and uncharged conduct). The enhancement therefore applies.

## IV. Application of Section 3553(a) Factors

The Section 3553(a) factors warrant a sentence that is sufficient to reflect the seriousness of Sampson's offenses and protect the public from his further crimes. Specifically, the nature and circumstances of his offenses are serious and establish that a lengthy sentence is necessary to accomplish these goals. Sampson, a then 36-year-old man, took advantage of a vulnerable girl for his personal profit, crassly

6

plotting how to use her to make the most money. Some of the most telling evidence of how Sampson viewed MV-1 is the following conversation that he had with T.P. about the UC date:

- Sampson: Mak[e] her work
- Sampson: I'm about to get her cute
- T.P.: I am and okay well he bout to walk out he getting dress
- Sampson: Ok
- T.P.: I'm gone let u kno when to tell him to come up
- Sampson: Ok
- Sampson: When we got a goofy btch like my bae we gotta keep changing rooms lol she sum [else]
- Sampson: Shell get to the money for us though

Sampson's actions demonstrate a total disregard for MV-1's safety and well-being. Having heard from MV-1 at trial, the Court is well-aware of the trauma that Sampson caused. Although the government recognizes Sampson's difficult upbringing, those circumstances do not justify his behavior towards MV-1 as a 36-year-old man.

This is especially true given that MV-1 is not the only person that Sampson has victimized. In October 2020, he victimized at least two adults and one minor. And *while under investigation for that conduct, and after speaking to police about*

7

*it*, Sampson found his next victim in MV-1. His conduct demonstrates a complete disregard for the law and establishes a high likelihood of recidivism. There is therefore a significant need to protect the public, and specifically minor girls, from being further victimized by Sampson.

In sum, the nature and circumstances of the offenses coupled with Sampson's history and characteristics support a sentence sufficient to afford just punishment, promote respect for the law, and most importantly, protect the vulnerable children in our community who Sampson targets.

Respectfully Submitted,

Dawn N. Ison
United States Attorney

/s Ranya Elzein
Ranya Elzein
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-0213
ranya.elzein@usdoj.gov

**Certificate of Service**

I hereby certify that on July 11, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to the attorneys of record.

*/s Ranya Elzein*
Ranya Elzein
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226-3211
(313) 226-0213
ranya.elzein@usdoj.gov
